**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| UNILOC USA, INC., and § <br> UNILOC LUXEMBOURG S.A., § <br>  § <br> *Plaintiffs,* § <br>  § <br> v. § <br>  § <br> MODELIOSOFT, § <br>  § <br> *Defendant.* § | <br><br><br><br><br>CIVIL ACTION NO. 6:14-cv-474<br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg S.A. ("Uniloc Luxembourg") (collectively, "Uniloc") file this Original Complaint against Modeliosoft for infringement of U.S. Patent No. 5,579,222 ("the '222 patent").

**THE PARTIES**

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation with its principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024. Uniloc USA also maintains a place of business at 102 N. College, Suite 806, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company, with its principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg.

3. Uniloc Luxembourg and Uniloc USA are collectively referred to as "Uniloc." Uniloc has researched, developed, manufactured, and licensed information security technology solutions, platforms and frameworks, including solutions for securing software applications and digital content. Uniloc owns and has been awarded a number of patents. Uniloc's technologies enable, for example, software and content publishers to distribute and sell their high-value

1

technology assets securely with minimum burden to their legitimate end users.  Uniloc's technologies are used in several markets including, for example, software and game security, identity management, intellectual property rights management, and critical infrastructure security.

4. Modeliosoft ("Modeliosoft") is a foreign corporation organized and existing under the laws of France with its principal place of business at 21 Avenue Victor Hugo 75016 Paris.  Modeliosoft may be served with process pursuant to Article 3 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). Upon information and belief, Modeliosoft does business in the State of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

5. Uniloc brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-85, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving its accused products in this judicial district and/or, has regular and established places of business in this judicial district.

7. Defendant is subject to this Court's personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities alleged herein; and (B)

regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

**COUNT I**
**(INFRINGEMENT OF U.S. PATENT NO. 5,579,222)**

8. Uniloc incorporates paragraphs 1 through 7 herein by reference.

9. Uniloc Luxembourg is the owner, by assignment, of the '222 patent, entitled "DISTRIBUTED LICENSE ADMINISTRATION SYSTEM USING A LOCAL POLICY SERVER TO COMMUNICATE WITH A LICENSE SERVER AND CONTROL EXECUTION OF COMPUTER PROGRAMS." A true and correct copy of the '222 patent is attached as Exhibit A.

10. Uniloc USA is the exclusive licensee of the '222 patent with ownership of all substantial rights in the '222 patent, including the right to grant sublicenses, exclude others and to enforce, sue and recover damages for past infringements.

11. The '222 patent is valid, enforceable against past infringements, and was duly issued in full compliance with Title 35 of the United States Code.

12. Modeliosoft has directly infringed one or more claims of the '222 patent in this judicial district and elsewhere in Texas, including at least Claim 18, either literally or under the doctrine of equivalents, without the consent or authorization of Uniloc, by or through making, using, offering for sale, selling and/or importing software that includes concurrent license administration functionality that permits the "checking out" of licenses (and further permits the "borrowing" of "checked-out" licenses), including but not limited to licenses for Modelio Enterprise Edition. The infringement allegations concern both "checking out" of a license (including in instances where a checked-out license is not then borrowed); and further concern the "checking out" *and* "borrowing" of a license.

13. Uniloc has been damaged as a result of Defendant's past infringing conduct described in this Count. Defendant is, thus, liable to Uniloc in an amount that adequately compensates it for Defendant's past infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

14. Uniloc has entered into a Patent License, Release and Settlement Agreement with Flexera Software LLC ("Flexera"). Uniloc is not alleging infringement of the patent-in-suit based on any product, software, system, method or service provided by Flexera Software LLC or any Flexera Predecessor ("Flexera Products"). For purposes of this action, a Flexera Predecessor is any predecessor business owned or controlled by Flexera, including, but not limited to, C-Dilla Limited, GLOBEtrotter Software, Inc., InstallShield Software Corporation, Flexera Holding LLC, Flex co Holding Company, Inc., Flexera Software Inc., Acresso Software Inc., Intraware, Inc., Managesoft Corporation, HONICO Software GmbH, LinkRight Software, L.L.C., and Logiknet, Inc. (d/ b/a SCCM Expert) and only to the extent of, and limited to, the specific business, technologies and products acquired by Flexera from each of them, and Macrovision Corporation (renamed Rovi Solutions Corporation in July 2009) only to the extent of, and limited to, the specific business, technologies and products acquired by Flexera Holdings Company, Inc. in April 2008 (renamed Acresso Software Inc.), which later changed its name in October 2009 to Flexera Software LLC.  For purposes of this action, Flexera Products do not include any third party products or services that provide activation, entitlement, licensing, usage monitoring and management, auditing, or registration functionality or third party products and services that are activated, licensed or registered exclusively and independently of products, software, systems, methods or services provided by Flexera or Flexera Predecessors.  All

allegations of past infringement herein are made exclusively and independently of the authorized use of Flexera Products.

## JURY DEMAND

Uniloc hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Uniloc requests that the Court find in its favor and against Defendant, and that the Court grant Uniloc the following relief:

a. Judgment that one or more claims of the '222 patent has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Uniloc all damages to and costs incurred by Uniloc because of Defendant's past infringing activities and other conduct complained of herein;

c. That Uniloc be granted pre-judgment and post-judgment interest on the damages caused by Defendant's past infringing activities and other conduct complained of herein; and

d. That Uniloc be granted such other and further relief as the Court may deem just, and proper under the circumstances.

Respectfully submitted,

By: */s/ Kenneth P. Kula by permission Wes Hill*
**Steven N. Williams**
swilliams@mcdolewilliams.com
Texas Bar No. 21577625
**Kenneth P. Kula**
kkula@mcdolewilliams.com
Texas Bar No. 24004749
**William Z. Duffy**
zduffy@mcdolewilliams.com
Texas Bar No. 24059697
**McDOLE & WILLIAMS, PC**
1700 Pacific Avenue, Suite 1280
Dallas, Texas 75201
(214) 979-1122 - Telephone
(214) 979-1123 – Facsimile


James L. Etheridge
Texas State Bar No. 24059147
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com


T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Road, Ste. 220
Longview, Texas 75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@wsfirm.com
wh@wsfirm.com

**ATTORNEYS FOR PLAINTIFFS UNILOC USA, INC. AND UNILOC LUXEMBOURG S.A.**